IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



JOSHUA EUGENE FREEMAN,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civil Action No. 2:21-CV-226-Z
(Criminal Action No. 2:19-CR-26)

## MEMORANDUM OPINION AND ORDER DISMISSING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Before the Court is Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed October 1, 2021 (ECF No. 2) ("Motion"). For the reasons set forth below, the Motion is **DISMISSED**.

### BACKGROUND

On April 15, 2019, Petitioner entered a plea of guilty to transportation of child pornography in violation of 18 U.S.C. §§ 2252A(a)(1) and (a)(2). *See* CR ECF No. 14; CR ECF No. 28.[1] On November 13, 2019, he was sentenced to a term of imprisonment of 200 months. *See* CR ECF No. 55. He appealed. *See* CR ECF No. 57. The case was remanded for the limited purpose of allowing the district court to correct a clerical error in the judgment. *See* CR ECF No. 72. The Court issued an amended judgment. *See* CR ECF No. 73. Then the United States Court of Appeals for the Fifth Circuit granted Petitioner's unopposed motion to dismiss the appeal. *See* CR ECF No. 74.

Petitioner's Motion, file-marked on November 10, 2021, reflects that it was placed in the prison mailing system on October 13, 2021. ECF No. 2 at 12. Petitioner urges that the Motion

---

[1] Record citations to Petitioner's criminal case, *United States v. Freeman*, 2:19-CR-26-Z, shall be to "CR ECF No." throughout this Opinion.

should be considered timely, as he filed it within 90 days of the August 10, 2021 deadline and requested an extension of time. He says that the late filing was a result of scheduling challenges precluding him from access to the law library and legal resources due to Covid-19 and lockdowns at the prison. *Id.* at 11. Petitioner sets forth one ground, alleging that he received ineffective assistance of counsel. *Id.* at 4; ECF No. 3.

### LEGAL STANDARD

"Section 2255 provides relief for a petitioner who can establish either (1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack." *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995). "[A] defendant is limited to alleging errors of a constitutional or jurisdictional magnitude." *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (internal marks omitted). When alleging issues of jurisdictional or constitutional magnitude for the first time in a Section 2255, a petitioner must show cause for his procedural default in not raising the issue on direct appeal and actual prejudice suffered as a result of the error. *Samuels*, 59 F.3d at 528; *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996).

A one-year period of limitation applies to motions under section 2255. The limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Typically, the time begins to run on the date the judgment of conviction becomes final. *United States v. Thomas*, 203 F.3d 350, 351 (5th Cir. 2000). A criminal judgment becomes final when the time for seeking direct appeal expires or when the direct appeals have been exhausted. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987). The Court may *sua sponte* raise the issue of limitations. *Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999).

**ANALYSIS**

As Petitioner recognizes, his judgment became final on August 10, 2020, when the Fifth Circuit dismissed his appeal at his request. *See Mark v. Thaler*, 646 F.3d 191, 195 (5th Cir. 2011) (suggesting that a judgment in a federal case would become final when a direct appeal was voluntarily dismissed); *United States v. Solis-Gonzalez*, 254 F.3d 1080, 1080 n.1 (5th Cir. 2001); *Silva v. United States*, No. 3:21-CV-044-B, 2022 WL 17069155, at *2 (N.D. Tex. Nov. 2, 2022) (collecting cases), *adopted*, 2022 WL 17069568 (N.D. Tex. Nov. 17, 2022). Accordingly, his petition is at least two months late.

To the extent Petitioner contends he is entitled to tolling, he is mistaken. The doctrine of equitable tolling applies only in rare and exceptional circumstances. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). Petitioner must show that he was pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented the timely filing of his motion. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Neither excusable neglect, ignorance of the law, nor Petitioner's lack of legal acumen and unfamiliarity with legal process is sufficient to justify equitable tolling. *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002); *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008); *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Equitable tolling applies to limitations of prison library access only when those limitations actually prevented

the petitioner from timely filing his habeas petition. *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011). As other courts have noted, even if prison law libraries were closed due to the pandemic, the prison mail systems were not. *United States v. Lara*, No. 6:21-29, 2021 WL 4087613, at *2 (S.D. Tex. Sept. 8, 2021) (collecting cases). In this case, Petitioner has not shown that he was prevented from timely filing his petition. Nor has he shown any exercise of diligence.

### CONCLUSION

For the reasons set forth above, the Motion is **DISMISSED** as untimely and his motion for extension of time is **DENIED**. Petitioner's motion for leave to proceed *in forma pauperis* is **DENIED** as moot as no filing fee is required.

**SO ORDERED.**

May 19, 2023.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE